```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

FREDDY MARRERO,                   :
        Plaintiff,                :
v.                                :       CASE NO. 3:13-cv-28(RNC)
WEIR, et al.                      :
        Defendants.               :
```

### ORDER

Plaintiff seeks leave to amend his complaint in accordance with the Court's order of July 10, 2013. The motion to amend is granted. The amended complaint names the following defendants: Director of Intelligence Kimberly Weir, Warden Chapdelaine,[1] Captain Zawilinski, Captain J. Torres, Captain Beaudry, District Administrator Quiros, Correctional Officer Lizon, and Lieutenant Paine. Upon review as required by 18 U.S.C. § 1915A, the Court concludes that the amended complaint warrants service on defendants Weir, Chapdelaine, Zawilinski, Torres, Beaudry, Lizon and Paine as to plaintiff's § 1983 claims alleging violations of the First Amendment, Eighth Amendment and Fourteenth Amendment Due Process Clause. The amended complaint is dismissed as to the remaining claims and defendants.

Also pending is plaintiff's motion for a temporary

---

[1] Although the Warden's name is spelled Chaplin in the caption of the case, the Court will use the correct spelling, Chapdelaine, as submitted by defendants.

restraining order and preliminary injunction (ECF No. 4).  For the reasons that follow.  The motion is denied, principally because plaintiff has not alleged facts showing the injunctive relief is necessary to prevent irreparable harm.

I. Plaintiff's Allegations

Plaintiff's amended complaint alleges the following.  On April 29, 2011, while incarcerated at Osborn Correctional Institution ("Osborn"), plaintiff was accused of conspiracy to convey contraband based on a recorded telephone conversation with his mother on April 10, 2011.  In particular, he was accused of conspiring to smuggle drugs into the prison in collaboration with a correctional officer.  Plaintiff was also accused of attempting to make a three-way call during another phone conversation with his mother on April 8, 2011, which constitutes security tampering.  Defendant Lizon reviewed the conversations and submitted disciplinary reports, which defendant Torres reviewed and approved.

Plaintiff was transferred to a restrictive housing unit, strip searched, and placed on administrative detention.  Sometime later, he was transferred to MacDougall-Walker Correctional Institute ("MacDougall") where he was again placed on administrative detention and his risk level was raised from 3 to 4.  Following investigation and a disciplinary hearing, plaintiff was found guilty of conspiracy to convey contraband.  On June 9,

2011, Lizon issued another disciplinary report to the plaintiff for security tampering, based on the attempted three-way telephone call.  Torres reviewed and approved the report.  Plaintiff pleaded guilty to security tampering.

During the course of a continuing investigation into the alleged conspiracy, in which defendants Weir, Zawilinski, Torres, Beaudry and Paine were involved, plaintiff was asked to reveal the name of the alleged co-conspirator correctional officer.  He refused.  Plaintiff's telephone privileges were revoked and his mother was removed from his visiting list.  He was informed that he might get these privileges back by cooperating with the ongoing investigation; he continued to refuse to do so.  As of the filing of the amended complaint, plaintiff's phone and visiting privileges have not been restored.

II. Analysis

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief."  The plaintiff asserts that defendants violated his right to association under the First Amendment, his right to be free of cruel and unusual punishment under the Eighth Amendment and his due process rights under the Fourteenth

Amendment.  Upon review as required, the court concludes that these claims shall proceed against defendants Weir, Chapdelaine, Zawilinski, Torres, Beaudry, Lizon, and Paine in their individual capacities and, to the extent plaintiff seeks injunctive or declaratory relief, in their official capacities.  For the reasons that follow, the complaint is dismissed as to the remaining claims and defendants.

    A. Claims Against Defendants in Official Capacities

    To the extent the plaintiff seeks monetary damages against the defendants in their official capacities, the claims are barred by the Eleventh Amendment.  See Kentucky v. Graham, 473 U.S. 159 (1985); Quern v. Jordan, 440 U.S. 332, 342 (1979).  All such claims are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

    B.  Equal Protection Claims

    The plaintiff claims that defendants violated his equal protection rights when they accused him of conspiracy to convey contraband, placed him on loss of phone privileges indefinitely, removed his mother from his visiting list, and punished him for not naming the alleged co-conspirator correctional officer.  To state a valid "class of one" equal protection claim, plaintiff must allege (1) that he has been intentionally treated differently from others similarly situated, and (2) that there is no rational basis for the difference in treatment.  Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).  Plaintiff has

4

failed to identify any other individuals similarly situated to him who have been treated differently by the defendants.  Thus, the equal protection claims are dismissed.

    C.  <u>Fifth Amendment Claims</u>

The Fifth Amendment applies to the federal government, not the states.  <u>See</u> <u>Dusenbery v. United States</u>, 534 U.S. 161, 167 (2002) (Fifth Amendment's Due Process Clause protects citizens only against federal government actors, not State officials); <u>Ambrose v. City of New York</u>, 623 F. Supp. 2d 454, 466-67 (S.D.N.Y. 2009) (holding that any due process claim against the city was "properly brought under the Fourteenth Amendment, not the Fifth Amendment").  Because the plaintiff has not alleged any deprivation of his rights by the federal government, claims under the Fifth Amendment are dismissed.

    D. Claims Against Defendant Quiros

Plaintiff lists defendant Quiros in the caption of the complaint but does not assert any facts relating to him in the body of the complaint.  Therefore, the claims against Quiros are dismissed.  <u>See</u> 28 U.S.C. § 1915A(b)(1).

<u>III. Motion for Injunctive Relief</u>

Plaintiff further requests a temporary restraining order and a preliminary injunction requiring the defendants to restore his telephone privileges and visitation with his mother.  To obtain injunctive relief, the moving party must demonstrate "(1)

irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor."  Random House, Inc. v. Rosetta Books LLC, 283 F.3d 490, 491 (2d Cir. 2002).  "Such relief . . .  is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."  Moore v. Consol. Edison Co. of New York, Inc., 409 F.3d 506, 510 (2d Cir. 2005)."  Plaintiff fails to make the required showing.

To demonstrate irreparable harm in the absence of an injunction, plaintiff must show an "injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages."  Forest City Daly Housing, Inc. v. Town of North Hempstead, 175 F.3d 144, 153 (2d Cir. 1999) (internal quotation omitted).  Although the plaintiff claims that he has been prohibited from making telephone calls or visiting with his mother since April 2011, he has not alleged that he is precluded from contacting his mother or others in writing.[2]  Because alternate channels for communication exist,

---

[2] Defendant Weir's affidavit confirms that "plaintiff may mail out correspondence, to anyone, as long as the correspondence does not contain or relate to contraband, illegal activities, or contain coded language."  Weir Aff. ¶ 31, July 29, 2013 (ECF No. 10, Ex. A).

plaintiff has not demonstrated irreparable harm sufficient to warrant preliminary injunctive relief.  See, e.g., Paulino v. Menifee, No. 00CIV5719RCCKNF, 2001 WL 423207, at *2 (S.D.N.Y. Mar. 9, 2001)(irreparable harm not shown when prisoner, who sought reinstatement of telephone privileges in order to contact his children, had alternate means of communication such as letter writing and sending messages through others); Holbach v. Bertsch, No. 1:09-CV-014, 2009 WL 1444733, at *3 (D.N.D. May 20, 2009) ("There is nothing in [plaintiff's] submissions to suggest that he has been prejudiced in any irreparable way.  There are other methods by which plaintiff can stay in contact with his son, namely, writing letters, and there is no indication that the 'phone block' is permanent.").

In addition, plaintiff has not shown a likelihood of success on the merits.  Courts routinely hold that a prisoner's telephone and visitation privileges may be limited.  See, e.g., Overton v. Bazzetta, 539 U.S. 126, 134-36 (2003) (two-year ban on visitation for inmates with two substance abuse violations did not constitute cruel and unusual punishment; "[w]ithdrawing visitation privileges is a proper and even necessary management technique to induce compliance with the rules of inmate behavior"); United States v. Footman, 215 F.3d 145, 155 (1st Cir. 2000) ("Prisoners have no per se constitutional right to use a telephone."); Graziani v. Murphy, No. 3:11-CV-1615(RNC), 2012

WL 2785907 (D. Conn. July 5, 2012) ("Under Connecticut law, visitation is viewed as a privilege, not an entitlement."). Such limitations are upheld when they are justified by legitimate safety and security concerns, e.g. Ford v. Fischer, 9:09-CV-723(DNH/ATB), 2011 WL 856416 (N.D.N.Y. Jan. 31, 2011) report and recommendation adopted, 9:09-CV-723, 2011 WL 846860 (N.D.N.Y. Mar. 9, 2011) (denial of visiting privileges justified by legitimate penological interests when fiancee's privileges were indefinitely suspended because of alleged smuggling of note from another inmate and because of safety concerns), and when other means of communication are available, e.g. Pitsley v. Ricks, 96-CV-0372NAMDRH, 2000 WL 362023, at *5 (N.D.N.Y. Mar. 31, 2000) ("[p]rison regulations imposing restrictions on inmate phone calls have generally been upheld," especially when alternate means of communication, usually mail, are available).

In this case, the record shows that plaintiff was found guilty of conspiracy to convey contraband and pleaded guilty to security tampering, and defendants reasonably contend that the restrictions imposed on him serve legitimate and related penological interests, specifically safety, security, and keeping contraband out of correctional facilities. See Weir Aff. ¶¶ 44-45, 48, July 29, 2013 (ECF No. 10, Ex. A). Thus, plaintiff's request for injunctive relief is denied.

**ORDERS**

In accordance with the foregoing, it is hereby ordered:

(1) The Motion for Leave to File an Amended Complaint **[Doc. No. 11]** is **GRANTED**.  The Clerk shall docket the amended complaint attached to the motion to amend.  The fifth amendment claims, equal protection claims, and all claims against defendant Quiros are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).  All other claims will proceed against defendants Weir, Chapdelaine, Zawilinski, Torres, Beaudry, Lizon and Paine in their individual capacities and, to the extent plaintiff seeks injunctive or declaratory relief, in their official capacities.

**No other claims will be allowed except pursuant to an order granting a properly filed motion for leave to file a second amended complaint.  No such motion will be accepted by the Clerk unless the defendants have appeared in the case and the plaintiff certifies that the motion has been served on them**.

The Motion for Temporary Restraining Order and Motion for Preliminary Injunction [**Doc. No. 4**] is **DENIED.**

If plaintiff chooses to appeal this decision, he may not do so <u>in forma pauperis</u>, because such an appeal would not be taken in good faith.  <u>See</u> 28 U.S.C. § 1915(a)(3).

(2) Within fourteen (14) days of this Order, the U.S. Marshals Service shall serve the summons, a copy of the Amended Complaint and this Order on defendants Weir, Chapdelaine,

Zawilinski, Torres, Beaudry, Lizon and Paine in their official capacities by delivering the necessary documents in person to the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141.

(3) Within fourteen (14) days of this Order, the Clerk shall ascertain from the Department of Correction Office of Legal Affairs the current work addresses for defendants Weir, Chapdelaine, Zawilinski, Torres, Beaudry, Lizon and Paine and mail a waiver of service of process request packet to each defendant in his or her individual capacity at his or her current work address.  On the thirty-fifth (35th) day after mailing, the Pro Se Office shall report to the court on the status of all waiver requests.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4) The Clerk shall send a courtesy copy of the Amended Complaint and this Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(5) Defendants Weir, Chapdelaine, Zawilinski, Torres, Beaudry, Lizon and Paine shall file their response to the Amended Complaint, either an answer or motion to dismiss, within seventy (70) days from the date of this order.  If the defendants choose

to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They may also include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order.  Discovery requests need not be filed with the court.

(7) All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

(8) Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9) **If the plaintiff changes his address** at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he **MUST notify the court**.  Failure to do so can result in the dismissal of the case.  The plaintiff must give notice of a new address **even if he is incarcerated**.  The plaintiff should write "**PLEASE NOTE MY NEW ADDRESS.**"  It is not enough to just put the new address on a letter without indicating that it is a new address.  If the plaintiff has more than one pending case, he should indicate the case numbers in the

notification of change of address.  The plaintiff should also notify the defendant(s) or the attorney for the defendant(s), if appropriate, of his or her new address.

**SO ORDERED** at Hartford, Connecticut this 26th day of December, 2013.

       /s/       

Robert N. Chatigny
United States District Judge
