UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FREDDY MARRERO,               :
                              :
      Plaintiff,              :
                              :
V.                            :     CASE No. 3:13-CV-0028(RNC)
                              :
WEIR, et al.,                 :
                              :
      Defendants.             :

ORDER

Plaintiff Freddy Marrero, a Connecticut prisoner proceeding pro se, moves for relief from the order of September 26, 2014, granting defendants' motion to dismiss the complaint.  See (ECF No. 34).  For the reasons that follow, the motion is denied.

I.  Background

In his complaint in this action, plaintiff alleged that his phone and visitation privileges had been suspended in an attempt to force him to reveal the name of a correctional officer with whom he allegedly had conspired to bring drugs into Osborn Correctional Institution.  Plaintiff's complaint alleged that in response to the defendants' requests for his assistance in their investigation he had repeatedly denied knowledge of any attempt to smuggle drugs into the facility. The Court ruled that the plaintiff's allegations failed to state a claim on which relief could be granted and that, in

any event, the defendants were entitled to qualified immunity.  Plaintiff did not seek reconsideration or file a notice of appeal.  More than a year later, he filed the present motion.

In his motion, plaintiff asks the Court to set aside the judgment and reopen the case on the ground that the denial of phone and visitation privileges at issue in the complaint serves to punish him unlawfully for exercising his privilege against self-incrimination.  Implicit in this claim is an allegation that he has responded to requests for information concerning the smuggling plot by invoking his privilege against self-incrimination, an allegation he did not make prior to the dismissal of this action.  Plaintiff seems to contend that his reliance on the privilege against self-incrimination constitutes a change in circumstances that makes enforcing the judgment inequitable within the meaning of Federal Rule of Civil Procedure 60(b)(5).  In the alternative, he argues that relief from the judgment is justified under Rule 60(b)(6), which requires a showing of "extraordinary circumstances." Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012) (quoting Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 864 (1988)).  Finally, he

2

seeks guidance on whether he should file an independent action to obtain relief from the judgment under Rule 60(d). Defendants oppose the motion to reopen.

In a telephone conference on March 18, 2016, the Court inquired about the status of plaintiff's privileges. Defendants' counsel stated that plaintiff's privileges are currently suspended due to disciplinary sanctions imposed as a result of new instances of misconduct unrelated to his refusal to cooperate in the investigation at Osborn. Counsel reported that prior to plaintiff's latest disciplinary problems, his privileges had been restored and he had been visited by several family members, including an individual allegedly involved in the conspiracy to smuggle contraband into Osborn. Finally, counsel reported that plaintiff's privileges are due to be restored next month.

II. <u>Discussion</u>

Rule 60(b)(5) permits a court to grant relief from a judgment when "applying it prospectively is no longer equitable." This provision applies in cases involving injunctions, consent decrees, and other judgments that have prospective effect. <u>See</u> 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, <u>Federal Practice and Procedure</u> §

2863 (3d. ed. 2012).  The judgment dismissing the plaintiff's complaint in this action does not by its terms have prospective effect.  More fundamentally, if plaintiff were now being punished for invoking his privilege against self-incrimination, as asserted in his motion to reopen, that punishment would not be authorized by the Court's order.  Thus, Rule 60(b)(5) does not provide a basis for relief.

For relief to be granted under Rule 60(b)(6), the plaintiff must establish the existence of "extraordinary circumstances."  Stevens, 676 F.3d at 67.  At the time this action was dismissed, the Court understood that the suspension of the plaintiff's privileges was just that -- a suspension -- and did not anticipate that the order would be relied on as a license to refuse to restore the plaintiff's privileges until such time, if ever, that he cooperated in the investigation.  As a result of the recent telephone conference, the Court is satisfied that the order is not being misused in this manner.  Accordingly, this case does not present the type of "extraordinary circumstance" that Rule 60(b)(6) requires.

With regard to Rule 60(d), plaintiff seems to be asking

the Court to state whether it would entertain an independent action for relief from the judgment.  As plaintiff recognizes, such an independent action is available only to prevent a grave miscarriage of justice.  See United States v. Beggerly, 524 U.S. 38, 46 (1998); Gottlieb v. S.E.C., 310 F. App'x 424, 425 (2d Cir. 2009).  In light of the information provided by the defendants in the recent telephone conference, there appears to be no need for an independent action at this time.

III.  Conclusion

    Accordingly, the motion for relief from the judgment is hereby denied.

    So ordered this 21st day of March 2016.

                              /s/RNC
                    Robert N. Chatigny, U.S.D.J.